## Adelbert Moser, Plff. in Err., *v.* Guaranty Trust & Safe Deposit Co.

Whatever was claimed by the *narr.*, and could have been tried in a former suit between the same parties, is presumed to have been included in a general settlement thereof, and the burden of proof is upon the party alleging otherwise.

(Decided April 5, 1886.)

Error to the Common Pleas, No. 3, of Philadelphia County to recover a judgment rendered *non obstante veredicto*, in an action of assumpsit. Affirmed.

This action was brought to recover balance of salary due to plaintiff up to the time of suit brought, under a contract of

employment as master brewer in a brewery. Defendant pleaded *non assumpsit,* payment with leave, and set-off; and offered evidence to prove that plaintiff improperly performed his duties and was discharged. This question was left to the jury under all the evidence, and they found a verdict for plaintiff for $1,730.50.

On the trial defendant offered in evidence, under objection and exception for the plaintiff, the record of a prior suit between the same parties, and claimed that this record showed a former recovery for the same cause of action. The court reserved the point as to the effect of this record, and subsequently entered judgment *non obstante veredicto* for the defendant on this reserved point.

The record thus offered by defendant was the record of an action of assumpsit between the same parties, brought bfore the expiration of the term of employment, but after one quarter's wages were in arrears. The *narr.* set forth the employment and alleged as a breach the failure to pay the wages. It also set forth, as in lieu of performance of the services, a discharge by the employer and a readiness to serve. It also contained the common counts and a bill of particulars, under both special and common counts, for salary to the amount of $872.50. Defendant pleaded *non assumpsit,* payment with leave, etc. The record showed, after the issue was made up, the following entry: "Nov. 12, 1883, judgment for plaintiff $513.75, by agreement."

From the judgment *non obstante veredicto* plaintiff brought error.

*Furth & Singer* and *Frank P. Prichard,* for plaintiff in error. —That an adjudication by agreement is not such an adjudication as is available under the plea of *res judicata,* was ruled in Jenkins v. Robertson, L. R. 1 H. L. Sc. App. Cas. 117.

This case was cited and followed in Wadhams v. Gay, 73 Ill. 415–434. See also Haldeman v. United States, 91 U. S. 584, 23 L. ed. 433.

The mere fact that the agreement was made in compromise of a pending action does not estop the plaintiff. O'Beirne v. Lloyd, 43 N. Y. 251.

Since the case of Kirk v. Hartman, 63 Pa. 97, it would seem to be settled in Pennsylvania that a discharged employee may treat the contract as ended and sue for damages for the wrong-

ful act of the master in putting an end to it; or he may treat the contract as continuing, and treating his discharge and willingness to serve as an equivalent of service, sue for the money due to him under the agreement. If he adopts the latter course he may, of course, sue for each instalment of wages as it falls due, on the principle that where a contract is for successive payments, there is a fresh breach on each default. Hepburn v. Mans, 31 Phila. Leg. Int. 356; Sterner v. Gower, 3 Watts & S. 136; Root v. Clay Commercial Teleph. Co. 15 W. N. C. 547.

In such cases the court has always looked to all the circumstances of the case, and not to the mere technicalities of pleading; and, unless it clearly appeared that plaintiff had recovered in the former action the same moneys he sued for in the second, the plea of former recovery has not been sustained. A good example of this is found in the case of Kane v. Fisher, 2 Watts, 246. See also Crouse v. Miller, 10 Serg & R. 155; Sterner v. Gower, 3 Watts & S. 136; Hamm v. Beaver, 31 Pa. 58.

*Charles E. Pancoast* and *William Rotch Wister,* for defendant in error.—The rule which makes a judgment a bar to a subsequent action for the same cause between the same parties (Cromwell v. Sac County, 94 U. S. 351, 24 L. ed. 195; Hamuer v. Griffith, 1 Grant Cas. 193) has been said to be both just and beneficial, even although it sometimes happens that the former judgment was erroneous. Rockwell v. Langley, 19 Pa. 502.

If plaintiff had offered and been permitted to show that the recovery was upon a different claim from that declared upon, he would nevertheless be concluded by the pleadings. Hess v. Heeble, 6 Serg. & R. 57.

The agreement is a confession of judgment on the counts of the *narr.* in an amount assessed. Such a judgment cannot be distinguished from a judgment by confession, which the plaintiff admits to be a bar in this state. Secrist v. Zimmerman, 55 Pa. 446; Montague v. McDowell, 39 Phila. Leg. Int. 273.

No case has been found where the entry by agreement was held to limit the usual effect of a judgment. Bank of the Commonwealth v. Hopkins, 2 Dana, 395.

The only natural and legal meaning of verdict and judgment by agreement is that judgment was entered on the claim, by agreement. Although the action of the court be merely formal, it is conclusive wherever there was an opportunity to appear and

contest the merits.    Note to Duchess of Kingston's Case, 2 Smith, Lead. Cas. 8th ed. p. 914.

In this country, however, the tendency is to hold that the fact that consent enters into the composition of a judgment does not render it, if there be no fraud, less effective as a bar.    2 Wharton, Ev. § 783, and cases there cited; Chamberlain v. Preble, 11 Allen, 370.

A judgment entered by agreement is entered on the pleadings and prima facie adjudicates the issue there raised.    The burden is on the party seeking to escape its effect, to show that any particular point was not adjudicated.    Coleman's Appeal, 62 Pa. 252; Phillips v. Berick, 16 Johns. 136, 8 Am. Dec. 299; Corbet v. Evans, 25 Pa. 310.

When a record is offered in evidence of a former recovery it concludes the plaintiff therein as to every part of his claim which, under the pleadings, he might have recovered had he so chosen.    If he has waived any part of his rights, as by nonpresentation of evidence, or even by withdrawing a part of his claim (Logan v. Caffrey, 30 Pa. 196), or by neglecting to take a certificate of balance in his favor, in a set-off (Simes v. Zane, 24 Pa. 242), or if he has chosen an incomplete remedy (Marsh v. Pier, 4 Rawle, 285, 26 Am. Dec. 131),—he is still concluded for his whole claim, and cannot recover in a second action.

One demand cannot be made the subject of several suits. Secor v. Sturgis, 16 N. Y. 548; Doe ex dem. Christmas v. Oliver, 2 Smith Lead. Cas. p. 915; Alcott v. Hugus, 41 Phila. Leg. Int. 419.

The discharged servant has a choice of remedies:

1. He may affirm the contract, but treat it as broken, and sue at once for its breach, recovering damages.    The judgment is then a bar to any future action.    Goodman v. Pocock, 15 Q. B. 578; Dunn v. Murray, 9 Barn. & C. 781.

2. He may affirm the contract, and treat it as continuing, declaring specially on the contract for wages under it, upon the ground of constructive performance.    Kirk v. Hartman, 63 Pa. 97.

3. He may treat the contract as rescinded and recover in indebitatus assumpsit for work actually done, the judgment being a bar.    Algeo v. Algeo, 10 Serg. & R. 235; Huntington v. Ogdensburgh & L. C. R. Co. 7 Am. L. Reg. N. S. 145, and note.

In Goodman v. Pocock, 15 Q. B. 576, it was held that a suit for damages for breach must be taken to include, in the damages recovered, all future salary, even though the contrary appear, and would so bar future actions.

The present case is essentially that in Dunn v. Murray, 9 Barn. & C. 781, where it was treated without question as sounding in damages for the breach.    See also Emmens v. Elderton, 13 C. B. 495, 4 H. L. Cas. 624; Hess v. Heeble, 6 Serg. & R. 57; Croft v. Steele, 6 Watts, 373.

PER CURIAM:

Whatever was claimed and could have been tried in the former suit is presumed to have been included in the settlement thereof, under the general language used.   The party alleging otherwise takes the burden of proof.    In the former suit the *narr.* was sufficient to cover the entire claim.

As there is no evidence to rebut the presumption of a settlement of the whole, there is no error here to correct.

Judgment affirmed.